**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                             No. CIV 97-1199 JC/LCS

36.06 ACRES OF LAND, MORE OR LESS,
SITUATE IN SAN JUAN COUNTY, STATE
OF NEW MEXICO, AND STONECREEK
PROPERTIES NORTH, LTD., CO., and any
and all Unknown Owners,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiff's Application for Appointment of Land Commission and Objection to Jury Demand, filed March 11, 1998 (Docket No. 10). The Court has reviewed the application, objections, and the memoranda and exhibits submitted by the parties. The Court finds that Plaintiff has failed to meet its burden to demonstrate sufficient need for a commission and thereby deny Defendant Stonecreek Properties North Ltd.,Co. ("Stonecreek") its right to a jury trial under Rule 71A(h) of the Federal Rules of Civil Procedure. Therefore, Plaintiff's application will be denied.

Plaintiff does not argue that Defendant Stonecreek's jury demand in this eminent domain proceeding was untimely or improperly filed. As the Tenth Circuit has noted, "[a]ny party to a condemnation proceeding is ordinarily entitled to a jury trial to fix the value of the property taken where demand is made as provided in Rule 71A(h)." United States v. Hardage, 58 F.3d 569, 576

(10th Cir. 1995). Contrary to Stonecreek's assertion, however, "it has long been settled that there is no constitutional right to a jury in eminent domain proceedings." United States v. Reynolds, 397 U.S. 14 (1970) (citing Bauman v. Ross, 167 U.S. 548 (1987)). Rather, it is a right derived from Rule 71A which may be overcome. Rule 71A(h) provides an exception to a jury's determination in those cases where "the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it." Id. at n.5.

Thus, I must address Plaintiff's asserted reasons for appointment of a land commission. The United States seeks to condemn roughly thirty-six acres which are asserted to be required for the proper administration, preservation and development of Aztec Ruins National Monument for the use, benefit and enjoyment of the public. Plaintiff contends that the appointment of a land commission would expedite the hearing and payment of award, and thereby promote the administration and efficiency of justice. Indeed, the district has long used the procedure for appointment of a land commission because, in part, proceedings before a commission are generally shorter than a trial before a jury.

If these general concerns alone were sufficient, the Court would always find that a land commission should be appointed. Thus, I find that where a party to the proceeding interposes a jury demand, Plaintiff must demonstrate more particularly why appointment of a land commission would best serve the interest of justice in the specific case. The affidavit of Julian R. Romero establishes that there is at least one, possibly five, other properties at the monument that may require condemnation proceedings. Although assuring the uniformity of awards is "in the interest of justice," it seems to be a rather speculative justification for denying Stonecreek's right to a jury. Therefore, I find that

Plaintiff has failed to demonstrate that the character, location or quantity of land or any other reason warrant denial of Stonecreek's demand that a jury decide the issue of just compensation.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Application for Appointment of Land Commission and Objection to Jury Demand (Docket No. 10) is **denied**.

DATED this 16th day of April, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**


Counsel for Plaintiff:    Raymond Hamilton
                          Assistant U. S. Attorney
                          U. S. Attorney's Office
                          District of New Mexico
                          Albuquerque, New Mexico

Counsel for Stonecreek:   Robert Cardin
                          Cardin & Parmley, P. A.
                          Farmington, New Mexico